

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RIDVAN SEVIM,** | § | |
| **Movant,** | § | |
| | § | **CAUSE NO. A-18-CV-426-SS** |
| -vs- | § | **[No. A-16-CR-266-SS]** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Movant Ridvan Sevim's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 77), his Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 83), the Government's responses (ECF Nos. 88 & 89), and Sevim's motion seeking the appointment of counsel (ECF No. 90). Having considered the motions, the governing law, and the file as a whole, the Court now enters the following opinion and order denying relief.

### Background

Sevim was charged by a superseding information with one count of conspiracy to distribute steroids and human growth hormones, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of money laundering in violation of 18 U.S.C. § 1957; the information included a demand for forfeiture. (ECF No. 38). On January 18, 2017, pursuant to a sealed plea agreement and at the conclusion of a Rule 11 hearing, Sevim pleaded guilty to both charges. (ECF No. 39). The written plea agreement included a waiver of Sevim's rights to appeal and collaterally attack his conviction and sentence, other than to assert a claim of ineffective assistance of counsel or prosecutorial



misconduct. (*Id.*). The plea agreement also included an extensive and detailed factual basis for Sevim's guilty pleas. (*Id.*).

A Presentence Investigation Report ("PSR") calculated a Guideline range of 70 to 87 months' imprisonment. (ECF No. 60). The PSR concluded Sevim was not entitled to a downward adjustment of his offense level for acceptance of responsibility. (*Id.*). The PSR also determined Sevim was an organizer, leader, manager, or supervisor of this offense and, accordingly, applied a two-level upward adjustment to his offense level. (*Id.*). The PSR also added two points to Sevim's offense level for obstruction of justice. (*Id.*) Defense counsel filed numerous objections to the PSR, which were all overruled at sentencing. (ECF No. 60-2; ECF No. 75).

On April 13, 2017, the Court sentenced Sevim to concurrent terms of 72 months imprisonment on each count of conviction. The Court ordered the sentences be followed by three years of supervised release, ordered Sevim to pay a fine of $3,600, and further ordered him to pay $100 on each count as a mandatory assessment fee. (ECF No. 67).

On April 26, 2017, Sevim's counsel filed a timely notice of appeal. (ECF No. 66). On May 3, 2017, counsel filed a motion to dismiss the appeal, stating: "Appellant voluntarily wishes to dismiss the appeal for the above styled cause; Fed. R. App. P. 42.1. Attorney for Appellant has verified with the Appellant that he opposes moving forward with the appeal process with the Fifth Circuit Court of Appeals." *United States v. Sevim*, No. 17-50369, at Docket Entry No. 6. The appeal was dismissed on Sevim's unopposed motion on May 4, 2017. (ECF No. 70).

On May 16, 2018, Sevim executed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and on June 6, 2018, he executed an amended § 2255 motion. In his amended motion Sevim asserts he was denied the effective assistance of counsel. He asks the Court to vacate his conviction for money laundering and to reduce his sentence for conspiracy to

2

distribute steroids. Sevim seeks an evidentiary hearing and further moves the Court to appoint counsel. (ECF No. 90).

**Analysis**

**I. Section 2255—Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**II. Application**

All of Sevim's claims for relief take issue with the performance of his counsel. In his amended § 2255 motion, Sevim asserts counsel failed to investigate his case. He further alleges counsel failed to assert insufficiency of the evidence as to the charge of money laundering and failed to file a motion to suppress unspecified evidence. (ECF No. 83 at 3). These claims were not waived by Sevim's guilty plea. The plea agreement specifically excepted claims of ineffective assistance of counsel from the waiver of Sevim's right to collaterally attack his conviction and sentence. Additionally, even if a defendant waives his right to collaterally attack his conviction and sentence, he can avoid those waivers based on ineffective assistance of counsel if he establishes "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *Blancas v. United States*, 344 F. Supp. 2d 507, 528 (W.D. Tex. 2004).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a section 2255 movant must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. Unless a movant establishes both deficient performance and prejudice, his ineffective assistance of counsel claim fails. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). The burden of proof is on the movant who is alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). To show deficient performance, a movant must establish his counsel's performance fell below an objective standard of reasonable competence. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). To establish prejudice in a case wherein the movant pleaded guilty, the movant must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**A. Counsel's failure to investigate and to move to suppress evidence**

Sevim alleges his counsel failed to "investigate and gather evidence that I pointed out to her for my defense proving my innocence to the money laundering charge, based upon a third party laying claim to the forfeited property and demonstrating its legality." (ECF No. 83 at 3). He further alleges his counsel failed to "suppress evidence and authenticate the recording used against me." (*Id.*). However, Sevim does not clearly allege he would not have pleaded guilty but for counsel's alleged errors, nor does he specifically allege his guilty plea was unknowing or involuntary as a

4

result of counsel's alleged errors. To establish prejudice arising from the defective assistance of counsel in a case wherein the defendant pleaded guilty, he must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Additionally, these claims are not supported by the record in this matter. At Sevim's Rule 11 hearing he acknowledged he had discussed the facts and circumstances of his case with his counsel, including the terms of his plea agreement and the factual basis for his guilty plea. (ECF No. 85 at 7, 9-10, 12-14, 28-29). In the written plea agreement Sevim acknowledged he had discussed with his counsel the charges against him, the evidence against him, and any possible defenses to the charges. (ECF No. 39 at 12). In his written plea agreement Sevim acknowledged he was waiving his right to move to suppress evidence and to challenge the sufficiency of the Government's evidence against him. (ECF No. 39 at 3). Sevim stated he was knowingly and voluntarily pleading guilty, and stated he was pleading guilty because he was guilty and for no other reason. (ECF No. 85 at 26-27). Sevim acknowledged he was satisfied with his counsel's representation in his written plea agreement and at the Rule 11 hearing. (ECF No. 39 at 13; ECF No. 85 at 7).

Furthermore, Sevim's counsel states in an affidavit:

> I spent over a week reviewing the evidence, file, notes and researching the weights and methods used to obtain the steroids in question. I researched case law and reviewed the information with my paralegal as we got it organized. I went to Bastrop, Texas on various occasions to review evidence and discuss the case with Mr. Sevim. He expressed gratitude on every occasion for the thorough job I was doing on his case. I negotiated a Plea Agreement with [the AUSA] that prevented further charges and was very much in his favor in that Counts were dismissed against him. The agreement put Mr. Sevim in a substantially better situation than he was when I entered the case and gave him an opportunity to reduce his sentence with further cooperation.

5

> I arranged a debrief and Mr. Sevim gave information on various topics, but maintained that his girlfriend at the time had no knowledge of the illegal nature of his steroid business. The lack of truthfulness about his girlfriend's relative conduct resulted in less points reduced than initially hoped for by Mr. Sevim.

(ECF No. 89-1 at 1).

Sevim's allegations regarding counsel's failure to investigate his case and to assert meritorious claims is belied by the record in this matter, including counsel's uncontroverted affidavit. Furthermore, the record indicates there was substantial, admissible evidence against Sevim with regard to both counts of conviction and the plea agreement was beneficial to Sevim; accordingly, counsel's advice to plead guilty was not below an objective standard of reasonable competence. This conclusion is supported by Sevim's signed plea agreement and his sworn statements at his Rule 11 hearing, wherein he admitted a factual basis for his convictions. (ECF No. 39; ECF No. 85 at 12, 28-29). A defendant's sworn "statements made to the court when a guilty plea is entered carry a strong presumption of verity, and the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Sevim is not entitled to relief on his claims of ineffective assistance of counsel because the record indicates counsel's performance was not deficient and Sevim has neither asserted nor demonstrated he would not have pleaded guilty but for counsel's alleged failures. Conclusory allegations of ineffective assistance of counsel are insufficient to warrant an evidentiary hearing or to support relief pursuant to section 2255. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). Therefore, relief on this claim is denied. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).

## B. Counsel's advice to "abandon" the appeal

Sevim alleges he abandoned his appeal only because his counsel convinced him the Government would move to reduce his sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, if he abandoned the appeal. (ECF No. 83 at 2-3).

Counsel's affidavit states:

> I filed a Notice of Appeal on [Sevim's] behalf after sentencing, then at his request, drove to Waco federal prison to meet with him in person to discuss his appeal. He asked questions and I told him the legal probability of overturning a guideline sentence based on a plea agreement that dismissed other counts.[1] He decided that he did not want to appeal his case and focused on trying to cooperate to get a Rule [35] reduction. I contacted the federal agent in the case with the new information he had given me. The agent called me back and said his supervisors were not interested in a debrief with Mr. Sevim. Mr. Sevim called me from prison and I explained what had occurred.

(ECF No. 89-1 at 2).

The plea agreement signed by Sevim includes the following provision:

> It is within the sole discretion of the U.S. Attorney's Office to determine whether to file motions pursuant to 18 U.S.C. § 3553(e), U.S.S.G. 5K1.1, and/or Rule 35, Federal Rules of Criminal Procedure, requesting the sentencing court to depart from a supervisory guidelines range, impose sentence below a mandatory punishment, or reduce a sentence already imposed, and if so, the extent of such departure, variance or reduction of sentence.

(ECF No. 39 at 6).

At his Rule 11 hearing Sevim acknowledged he understood the terms of the plea agreement, including that there were "no agreements — specific agreements as to a sentence in this case." (ECF No. 85 at 10, 11-2). Therefore, the record establishes Sevim understood any Rule 35 motion would be a result of the Government's exercise of its discretion.

---

[1] In return for Sevim's guilty pleas, the Government agreed it would not pursue additional charges against Sevim. (ECF No. 39).

7

Sevim presents only a conclusory argument that counsel was ineffective for moving to dismiss his appeal. Furthermore, he has not demonstrated any prejudice arising from this alleged failure of counsel because Sevim does not assert he would have prevailed on appeal. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005); *see also Demik*, 489 F.3d at 646-47. Additionally, Sevim does not indicate what "substantial assistance in investigating or prosecuting another person" he could have provided the Government to warrant a reduction in his sentence. *See* Fed. R. Crim. P. 35(b)(1). To the extent Sevim alleges his counsel promised him a reduction in his sentence if he withdrew his appeal, he does not present any independent indicia of the likely merit of this allegation. *See Demik*, 489 F.3d at 646-47; *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

### III. Evidentiary hearing and appointment of counsel

Sevim asks the Court to appoint counsel "for representation at the evidentiary hearing if granted." (ECF No. 90).

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992). Where a movant for relief under § 2255 presents claims which are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See id.* (holding there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were conclusory in nature and refuted by the record itself). A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if the motion and the files and records of the case conclusively show the prisoner is entitled to no relief. *United States v. Rivas–Lopez*, 678 F.3d

8

353, 358 n.35 (5th Cir. 2012). The district court need not hold an evidentiary hearing to resolve ineffective assistance of counsel claims where the petitioner fails to allege facts which, if proved, would require relief. *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009).

Because the record in this matter conclusively shows Sevim is entitled to no relief and, therefore, no evidentiary hearing need be conducted, his motion to appoint counsel is denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Sevim's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

**IT IS ORDERED** that Movant Ridvan Sevim's original Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 77] is **DISMISSED** as it has been superseded by the Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 83].

**IT IS ORDERED** that Movant Ridvan Sevim's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 83] is **DENIED**.

**IT IS FURTHER ORDERED** that Sevim's Motion to Appoint Counsel [ECF No. 90] is **DENIED**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this the 28th day of September 2018.

/s/ Sam Sparks
**SAM SPARKS**
**SENIOR UNITED STATES DISTRICT JUDGE**